NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANSE SULLIVAN,

    Plaintiff - Appellant,

v.

PAM AHLIN, Executive Director; et al.,

    Defendants - Appellees.

No. 14-16245

D.C. No. 1:12-cv-00306-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted June 22, 2015[***]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California civil detainee Manse Sullivan appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action challenging his civil confinement

as a sexually violent predator under California's Sexually Violent Predators Act

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Sullivan consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("SVPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm.

The district court properly dismissed Sullivan's action because Sullivan failed to allege facts sufficient to show that the SVPA's post-commitment procedures deprived him of due process. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (elements of a § 1983 procedural due process claim); *see also* Cal. Welf. & Inst. Code § 6608(a) ("A person who has been committed as a sexually violent predator shall be permitted to petition the court for conditional release with or without the recommendation or concurrence of the Director of State Hospitals."); *Kansas v. Hendricks*, 521 U.S. 346, 356-57 (1997) (rejecting due process challenge in sexually violent predator context).

The district court did not abuse its discretion in denying leave to amend after concluding that amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

We do not consider Sullivan's contention regarding the Ex Post Facto clause

because it was not raised below. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Sullivan's request for judicial notice, filed on May 1, 2015, is granted.

**AFFIRMED.**